UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60835-CIV-COHN/SELTZER

ALICIA WILLIAMS, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.

IMPERIAL HOSPITALITY GROUP, INC.,
a Florida Corporation, d/b/a
SHONEY'S, and
MOUSHUMI BANERJEE, individually,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR CONDITIONAL CERTIFICATION OF REPRESENTATIVE CLASS

**THIS CAUSE** is before the Court on Plaintiff's Motion for Conditional Certification of Representative Class and to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 219(b) [DE 30] ("Motion").  The Court has carefully considered the Motion and is otherwise advised in the premises.[1]

### I. BACKGROUND

Plaintiff Alicia Williams is a former employee of Defendant Imperial Hospitality Group, Inc. d/b/a Shoney's ("Shoney's"). DE 1 at 1 ("Complaint").  Defendant Moushumi Banerjee was the Vice President of Shoney's.  Id. at 2.  On May 19, 2010, Plaintiff Alicia Williams filed a one-count complaint in this Court wherein Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.

---

[1] Defendants have not filed a response and the time for filing a response has passed.

("FLSA").  See Complaint.  Defendants failed to respond to the Complaint.

Consequently, on July 20, 2010, the Clerk of Court entered Clerk's Defaults against both defendants.  See DE 27.  Plaintiff now seeks to certify a class so that she may maintain a collective action against Defendants under § 216(b) of the FLSA.

## II. DISCUSSION

### A. Legal Standard

"The FLSA authorizes collective actions against employers accused of violating the FLSA."  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008).  Specifically, section 216(b) provides that "[a]n action … may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Nonetheless, participants in a § 216(b) collective action must affirmatively opt-in to the lawsuit.  Morgan, 551 F.3d at 1258; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

"Because similarly situated employees must affirmatively opt-in to the lawsuit, the decision to certify the action, on its own, does not create a class of plaintiffs." Morgan, 551 F.3d at 1259.  Thus, at the initial stage, certification authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees.  Id. (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).  After receiving notice, putative class members have the opportunity to opt-in. Id.  The action then proceeds throughout discovery as a representative action for those who opt-in.  Id. (citing Hipp, 252 F.3d at 1218).

2

The Eleventh Circuit mandates a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase. Morgan, 551 F.3d at 1260. First, the district court must determine whether other similarly situated employees exist and should therefore be notified of the lawsuit. Id. Although the Eleventh Circuit has not adopted a precise definition for "similarly situated employees," a "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Morgan, 551 F.3d at 1259 (quoting Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567 (11th Cir. 1991)). "A plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." Id. at 1260 (quoting Anderson v. Cagle's, 488 F. 3d 945, 952 (11th Cir. 2007). The Eleventh Circuit has described the standard for determining similarity at this initial stage as "fairly lenient." Id. "Nonetheless, there must be more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores.'" Id. at 1261 (quoting Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983)).

Second, after a plaintiff satisfies its initial burden to demonstrate the existence of similarly situated employees, an employer may move for decertification. Id. (citing Anderson, 488 F.3d at 953). If an employer moves for decertification, the district court has an opportunity to review a more complete record than it had at the notice stage, and can therefore make a more informed factual determination of similarity. Id. This second stage is less lenient, and the plaintiff bears a heavier burden. Id.

### B. Plaintiff Has Failed to Meet Her Burden

As demonstrated above, Plaintiff does not have a heavy burden to carry to establish that similarly situated employees exist.  Furthermore, Defendant has filed no opposition to the instant Motion.  Notwithstanding, Plaintiff has failed to carry her "fairly lenient" burden.

Indeed, Plaintiff's entire proffer regarding the existence of similarly situated employees is the following unsworn statement by Plaintiff's counsel: "Undoubtedly, there exist similarly situated individuals who would opt-in to this action if given notification."  Motion at 5.  Because Plaintiff has offered no evidence whatsoever that there are other employees who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions, the undersigned must deny Plaintiff's Motion.  See Morgan, 551 F.3d at 1261.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Conditional Certification of Representative Class and to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 219(b) [DE 30] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 6th day of October, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.